IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODERICK E. KINCADE, PRO SE, | § | |
| TDCJ-CID No. 1856064, | § | |
| Previous TDCJ-CID No. 661395, | § | |
| Previous TDCJ-CID No. 1234430, | § | |
| Previous TDCJ-CID No. 1349089, | § | |
| Previous TDCJ-CID No. 1696926, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:14-CV-0016 |
| | § | |
| Lt. ELIJOH R. SANCHEZ, | § | |
| Officer IV CHRISTOPHER L. GOULDY, | § | |
| OJT NFN RICHARD, | § | |
| Officer III JONATHAN E. COMBS, and | § | |
| Officer III LATISHA A. BARAKA, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RODERICK E. KINCADE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915(b).

Plaintiff claims that, on September 11, 2013, defendant Lt. SANCHEZ utilized chemical force unnecessarily and in an excessive amount. Plaintiff claims the remaining defendants were deliberately indifferent and failed to protect plaintiff.

By his complaint, as supplemented by his February 18, 2014 and his March 18, 2014 Questionnaire responses, plaintiff alleges that, on September 11, 2013, defendant Officer

BARAKA was working the picket and wouldn't let plaintiff and his cellmate out of their cell for chow. Instead, she waited until the other inmates had gone to chow and then opened the cell door. Plaintiff's cellmate was detained in the day room. Officers RICHARD and COMB took plaintiff to D-space, also called deep space[1], in order to get plaintiff's I.D. Plaintiff refused, asking why and demanding a supervisor come resolve the issue, protesting that he hadn't done anything wrong. [Plaintiff's March 18, 2014 response to question no. 2].

At that point, defendant Officer COMB told Officer BARAKA to "call it in" and BARAKA called for a supervisor to come to the scene. Plaintiff says BARAKA reported plaintiff was refusing restraints, but that he was actually refusing to surrender his I.D. card. [Plaintiff's March 18, 2014 response to question no. 2].

Plaintiff says he was facing the wall when defendant Lt. SANCHEZ, accompanied by defendant Officer GOULDY, responded to BARAKA's call for a supervisor and entered D-space.

Plaintiff says that when Lt. SANCHEZ entered D-space, he ordered plaintiff not to move or he would spray plaintiff. Plaintiff says he [plaintiff] immediately turned his head "to ask why he coming [sic] at me like that and that['s] when he [Lt. SANCHEZ] sprayed [plaintiff]." Plaintiff complains there was no reason for SANCHEZ to have sprayed him and that SANCHEZ discharged the entire can of chemical agent on him. [Plaintiff's original complaint]. By his February 18, 2014 response to question no. 3 of the Court's Questionnaire, plaintiff states a Sgt. James told plaintiff Lt. SANCHEZ used a 13 ounce can of chemical agent and that it had

---

[1] Plaintiff defines "deep space" as the "area outside [his] dorm and the control picket of 1 building. The area [a person] step[s] in when . . . com[ing] in from outside."

less than two ounces remaining after SANCHEZ sprayed plaintiff. Plaintiff says a Lt. Galloway told him that cannister would have been full when SANCHEZ began the application of chemical force. [February 18, 2014 Questionnaire response at question no. 5].

Plaintiff says when SANCHEZ sprayed him, he got on his knees as he was ordered to do. Plaintiff received a disciplinary case for attempting to assault Lt. SANCHEZ, but he did not lose any goodtime credits.

Plaintiff says he couldn't see for over two hours and suffered skin irritation for two days. [March 18, 2014 Questionnaire response to no. 11.]

Plaintiff requests $50,000.00 for mental anguish, $50,000.00 for compensatory damages, and $50,000.00 for punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v.*

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials. An absence of serious injury is relevant to this inquiry, but does not constitute its

---

[3]*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

entirety. *Id.* 503 U.S. at 7, 112 S.Ct. at 999.

The Court notes that plaintiff has conceded he disobeyed the order to surrender his I.D. and demanded that a supervising officer be called. Also, he has conceded that, when defendant Lt. SANCHEZ was called and responded, he disobeyed Lt. SANCHEZ' order not to move or he would be sprayed. Under the circumstances alleged by plaintiff, it is clear that some force could reasonably have been used by defendant Lt. SANCHEZ and attempts were made to temper the severity of the force by warning plaintiff not to move and then utilizing only chemical force instead of physical force. Under these circumstances, the use of chemical force does not evince a wanton infliction of pain but, rather, an attempt to restore discipline. It is clear defendant SANCHEZ applied the chemical force "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

Further, an examination of the injury plaintiff claims to have suffered leads to the conclusion of *de minimis* force. Plaintiff's only injuries were loss of vision for two hours and irritated skin for two days. The minimal nature of injury suffered is very similar to that suffered by the plaintiff in *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)(unprovoked twisting of inmate's arm and twisting his ear resulting in sore and bruised ear for three days constituted *de minimis* injury indicating *de minimis* force). The injury plaintiff has alleged is clearly *de minimis* and will not support a valid Eighth Amendment. *Id.* Consequently, plaintiff's claim against defendant Lt. SANCHEZ lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff also argues defendant SANCHEZ had a 13 ounce cannister of chemical, instead of one containing about 4 ounces, which he says is the normal size for use on an inmate in his cell. Although plaintiff argues defendant SANCHEZ used more of the chemical agent than he should have, plaintiff alleges no fact to support the position that the use of that additional amount was malicious. Plaintiff has failed to present sufficient facts on this point to state a claim on which relief can be granted.

Plaintiff sues the remaining defendants for being "deliberately indifferent and failure to protect." He says defendant Officer BARAKA should not have called a code, that is, she should not have called a supervisor to the scene to resolve the situation; however, plaintiff's own allegations show he was refusing to obey a direct order and demanding the presence of a supervising officer.

As for defendants GOULDY, RICHARD, and COMBS, plaintiff argues they should have tried to control the situation by listening and calming the inmate [that is, plaintiff] down and told the warden the truth about what happened instead of lying. Plaintiff does not state what lies were told or what truth he thinks should have been told.

Defendants GOULDY, RICHARD, and COMBS were not in command of the situation when chemical force was used, and plaintiff alleges no fact that shows they knew plaintiff would not obey the order to remain still or that, when he moved, it was not for an aggressive purpose. Further, plaintiff had already resisted RICHARD and COMBS' attempts to get his ID and says he was demanding a supervisor. Plaintiff has not alleged facts showing these defendants knew the amount of chemical utilized was excessive.

Nothing in plaintiff's account of the actions of defendants BARAKA, GOULDY,

RICHARD, or COMBS shows any deliberate indifference to an unreasonable risk to his safety or a failure to protect him from a constitutionally prohibited use of force.

A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Court has viewed plaintiff's remaining allegations in the light most favorable to him and finds plaintiff has not alleged sufficient factual matter to state a claim for relief against any one or all of defendants BARAKA, GOULDY, RICHARD, and COMBS that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Plaintiff has failed to state a claim against defendants BARAKA, GOULDY, RICHARD, and COMBS on which relief can be granted.

## CONCLUSION

Plaintiff has enjoyed three opportunities to present his claims to the Court, by way of his complaint and his responses to the two Questionnaires subsequently issued. It appears plaintiff has received sufficient opportunity and has pled his best case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff RODERICK E. KINCADE is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 4 day of November, 2014.

_____
MARY LOU ROBINSON
United States District Judge